# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:14-cv-907 |
| | ) | |
| THE ESTATE OF F. PAUL MEEUWENBERG, | ) | HONORABLE  PAUL  L.  MALONEY |
| and RICHARD A. MEEUWENBERG | ) | |
| in his capacity as REPRESENTATIVE OF THE | ) | |
| ESTATE OF F. PAUL MEEUWENBERG | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CONSENT DECREE

TABLE OF CONTENTS

I.      BACKGROUND ………………………..………………………….. 1
II.     JURISDICTION…………………………….………………………. 2
III.    PARTIES BOUND ……………………….………………………… 2
IV.     DEFINITIONS ………………………….………………………….. 2
V.      STATEMENT OF PURPOSE ……………………….……………… 5
VI.     PAYMENT OF RESPONSE COSTS …………………….…………… 5
VII.    RECOVERY OF PROCEEDS FROM THIRD PARTIES ………………… 6
VIII.   FAILURE TO COMPLY WITH CONSENT DECREE ……………………. 6
IX.     COVENANTS NOT TO SUE BY PLAINTIFF ……………………..…….. 8
X.      RESERVATION OF RIGHTS BY UNITED STATES ……………………..… 9
XI.     COVENANTS NOT TO SUE BY SETTLING DEFENDANTS …………………. 9
XII.    EFFECT OF SETTLEMENT/CONTRIBUTION ………………….…….….. 10
XIII.   NOTICE TO SUCCESSORS-IN-TITLE AND
        TRANSFERS OF REAL PROPERTY ………………….………………. 11
XIV.    ACCESS AND INSTITUTIONAL CONTROLS ………………………..…… 11
XV.     CERTIFICATION ………………………..…………………………. 12
XVI.    NOTICES AND SUBMISSIONS ……………………….…………………. 13
XVII.   RETENTION OF JURISDICTION ………………………..…………….. 14
XVIII.  INTEGRATION/APPENDICES …………………………….…………….. 14
XIX.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT …………………. 14
XX.     SIGNATORIES/SERVICE …………………….………………………. 15
XXI.    FINAL JUDGMENT ……………………………..……………………. 15

APPENDIX A:  Site Map

APPENDIX B:  Financial Information

i

## I. BACKGROUND

1.      The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9606 and 9607 ("CERCLA"), seeking injunctive relief and reimbursement of response costs incurred or to be incurred for response actions taken or to be taken at or in connection with the release or threatened release of hazardous substances at the Grand Traverse Overall Supply Superfund Site in Greilickville, Leelanau County, Michigan ("the Site").

2.      The defendants that have entered into this Consent Decree ("Settling Defendants") do not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

3.      In response to the release or threatened release of hazardous substances at or from the Site, EPA undertook response actions at the Site pursuant to Section 104 of CERCLA, 42 U.S.C. § 9604, and will undertake additional response actions in the future.  Such response actions were commenced in 2002 after trichloroethylene ("TCE"), a hazardous substance, was discovered in groundwater at the Site.  In March of 2008, EPA selected a final remedy for the Site by issuing a record of decision, which EPA subsequently amended in April of 2011.  In accordance with the selected remedy, EPA excavated contaminated soil in 2011, finished building the groundwater treatment system in 2013, and is presently operating this treatment system.

4.      In performing response actions at the Site, EPA has incurred response costs and will incur additional response costs in the future.  The Estate of F. Paul Meeuwenberg currently owns only the portion of the Site that is defined below as the "Rental Property."

5.      The United States alleges that the Settling Defendants, in their capacity as successors to F. Paul Meeuwenberg, are responsible parties pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and are jointly and severally liable for response costs incurred and to be incurred at the Site.  Under Michigan Compiled Laws § 700.3703(3), a personal representative of a decedent domiciled in Michigan at death has the same standing to be sued as the decedent had immediately prior to death.  In addition, under Michigan Compiled Laws § 700.7817(x), a trustee of a revocable trust that had been created by such a decedent has the power to defend and settle an action or claim against the trust, including claims against the trust under Section 7605(1) for liabilities owed by decedent's estate that are not satisfied by property of the estate subject to probate administration.  Under Michigan Compiled Laws § 700.7606, a trustee of such a trust shall pay to the personal representative of the decedent's estate the amount certified in writing as require to pay to a creditor of the decedent.  Finally, under Michigan Compiled Law §§ 700.3722 and 700.7818, a personal representative and a trustee are each authorized to settle or compromise at any time a claim against the estate or trust that a

1

governmental body may assert for environmental claims concerning property held in the estate or trust.

6.       The United States has reviewed the Financial Information submitted by Settling Defendants to determine whether the Estate of F. Paul Meeuwenberg is financially able to pay response costs incurred and to be incurred at the Site.  Based upon this Financial Information, the United States has determined that the Estate of F. Paul Meeuwenberg has a limited financial ability to pay for response costs incurred and to be incurred at the Site.

7.       The United States and Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED:

## II.  JURISDICTION

8.       This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9606, 9607, and 9613(b) and also has personal jurisdiction over Settling Defendants.  Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District.  Settling Defendants shall not challenge entry or the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III.  PARTIES BOUND

9.       This Consent Decree is binding upon the United States and upon Settling Defendants and their heirs, successors and assigns.  Any change in ownership or other legal status, including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendants under this Consent Decree.

## IV.  DEFINITIONS

10.      Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a.       "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

b.      "Consent Decree" shall mean this Consent Decree and all appendices attached hereto.  In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

c.      "Covered Agreement" shall mean any insurance policy or indemnification agreement entered into by F. Paul Meeuwenberg or the Meeuwenberg Development Corporation (previously known as the Grand Traverse Overall Supply Company) prior to the Effective Date.

d.      "Day" or "day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

e.      "DOJ" shall mean the United States Department of Justice and its successor departments, agencies, or instrumentalities.

f.      "Effective Date" shall mean the date upon which this Consent Decree is entered by the Court as recorded on the Court docket, or, if the Court instead issues an order approving the Consent Decree, the date such order is recorded on the Court docket.

g.      "EPA" shall mean the United States Environmental Protection Agency and its successor departments, agencies, or instrumentalities.

h.      "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

i.      "Estate of F. Paul Meeuwenberg" or "Estate" shall mean the property of F. Paul Meeuwenberg (deceased) subject to probate administration, as well as property held in the F. Paul Meeuwenberg Trust at the time of F. Paul Meeuwenberg's death.

j.      "Financial Information" shall mean those financial documents identified in Appendix B.

k.      "GTOS Special Account" shall mean the special account, within the EPA Hazardous Substance Superfund, established for the Site by EPA pursuant to Section 122(b)(3) of CERCLA, 42 U.S.C. § 9622(b)(3).

l.      "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).  The applicable rate of interest shall be the rate in effect at the time the interest accrues.  The rate of interest is subject to change on October 1 of each year.

m.      "Institutional Controls" shall mean state or local laws, regulations, ordinances, zoning restrictions, or other governmental controls or notices that: (a) limit land, water, and/or resource use to minimize the potential for human exposure to Waste Material at or in connection

3

with the Site; (b) limit land, water, and/or resource use to implement, ensure non-interference with, or ensure the protectiveness of the response action; and/or (c) provide information intended to modify or guide human behavior at or in connection with the Site.

n.      "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

o.      "Parties" shall mean the United States and the Settling Defendants.

p.      "Plaintiff" shall mean the United States.

q.      "Rental Property" shall mean the portion of the Site located at 10731 East Cherry Bend Road, Greilickville, Michigan, which is owned the Estate of F. Paul Meeuwenberg and rented to a third party.

r.      "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

s.      "Settling Defendants" shall mean the (i) Richard A. Meeuwenberg, in his capacity as the Personal Representative of the Estate and in his capacity as Trustee of the F. Paul Meeuwenberg Trust (collectively "Representative of the Estate of F. Paul Meeuwenberg" or "Estate Representative") and (ii) the Estate of F. Paul Meeuwenberg.  The term "Settling Defendants" does not include Richard A. Meeuwenberg in his personal or individual capacity.

t.      "Site" shall mean the Grand Traverse Overall Supply Superfund Site, encompassing approximately two acres located at 10753 East Cherry Bend Road, Greilickville, Michigan, as well as the adjacent Rental Property located at 10731 East Cherry Bend Road, Greilickville, Michigan, which are situated approximately 1.5 miles north of the city limits of Traverse City, Michigan and generally shown on the map included in Appendix A.

u.      "State" shall mean the State of Michigan.

v.      "Transfer" shall mean to sell, assign, convey, lease, mortgage, or grant a security interest in, or where used as a noun, a sale, assignment, conveyance, or other disposition of any interest by operation of law or otherwise.

w.      "United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA.

x.      "Waste Material" shall mean (i) any hazardous substance under Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), and (ii) any pollutant or contaminant under Section 101(33) of CERCLA, 42 U.S.C. § 9601(33).

## V.  STATEMENT OF PURPOSE

11.     By entering into this Consent Decree, the mutual objective of the Parties is for Settling Defendants to make a cash payment and implement institutional controls to resolve their alleged civil liability for the Site under Sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606 and 9607, as provided in the Covenants Not to Sue by Plaintiff in Section IX, and subject to the Reservations of Rights by United States in Section X.

## VI.  PAYMENT OF RESPONSE COSTS

12.     <u>Payment of Response Costs</u>. Settling Defendants shall pay to the EPA the principal amount of $1,000,860 plus Interest.  The payment shall be made within 30 days after the Effective Date.  The Interest shall be calculated from the Effective Date through the date of payment.

13.     Settling Defendants shall make payment at https://www.pay.gov to the U.S. Department of Justice account, in accordance with instructions provided to Settling Defendants by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Western District of Michigan after the Effective Date.  The payment instructions provided by the FLU shall include a Consolidated Debt Collection System ("CDCS") number, which shall be used to identify all payments required to be made in accordance with this Consent Decree.  The FLU shall provide the payment instructions to:

> Richard A. Meeuwenberg, in his capacity as Estate Representative
> 5098 Lake Shore Boulevard
> Newaygo, MI 49337
> 231-652-7680
> rmberg@Charter.net

Settling Defendants may change the individual to receive payment instructions on its behalf by providing written notice to DOJ and EPA of such change in accordance with Section XVI (Notices and Submissions).

14.     At the time of payment, Settling Defendants shall send notice that payment has been made to DOJ and EPA in accordance with Section XVI (Notices and Submissions), and to the EPA Cincinnati Finance Office by email at <u>acctsreceivable.cinwd@epa.gov</u>, or by mail to:

> EPA Cincinnati Finance Office
> 26 Martin Luther King Drive
> Cincinnati, Ohio 45268

Such notice shall reference the CDCS Number, Site/Spill ID Number 053G, and DOJ Case Number 90-11-3-10315.

15.    The total amount to be paid pursuant to Paragraph 12 (Payment of Response Costs) shall be deposited by EPA in the GTOS Special Account to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

## VII.   RECOVERY OF PROCEEDS FROM THIRD PARTIES

16.    In the event that the Settling Defendants recover or receive proceeds as the result of any claim asserted against any third party, including any claim asserted under a Covered Agreement, Settling Defendants shall pay 70% of such proceeds to the EPA, after deducting reasonable attorneys' fees that Settling Defendants incurred in pursuing such claim after the Effective Date.  For purpose of this Paragraph, attorneys' fees shall be deemed reasonable if (a) they do not exceed five percent of the total monetary recovery from the third party or parties, and (b) they are substantiated in writing by Settling Defendants' counsel.

17.    Settling Defendant shall make all reasonable attempts to have the EPA's portion of such proceeds paid directly to the EPA by the third party or parties.  If it is not practicable for payment to be made directly to the EPA, then Settling Defendants shall arrange for the EPA's portion of the proceeds to be paid to Settling Defendants' counsel who will forward such proceeds to the EPA within ten days of receiving the proceeds from the third party or parties.

18.    Payment to the EPA under this Section shall be made in accordance with the instructions provided to the Settling Defendants in Paragraphs 13 and 14.  All payments, if any, made under this Section shall be deposited by EPA in the GTOS Special Account to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

## VIII.   FAILURE TO COMPLY WITH CONSENT DECREE

19.    <u>Interest on Payments</u>.  If Settling Defendants fail to make any payment required by Paragraph 12 (Payment of Response Costs) or Section VII (Recovery of Proceeds from Third Parties) by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

20.    <u>Stipulated Penalty</u>.

a.    If any amounts due to EPA under Paragraph 12 or Section VII (Recovery of Proceeds from Third Parties) are not paid by the required date, Settling Defendants shall be in violation of this Consent Decree and shall pay, as a stipulated penalty, in addition to the Interest required by Paragraph 19, as follows:

$2,000 per day that such payment is late for day 1 – 10;
$3,000 per day that such payment is late for days 11-30; and
$5,000 per day that such payment is late for days 31 and beyond.

b.      If Settling Defendants fail to comply with one or more obligations under Section XIII (Notice to Successor-in-Title and Transfers of Real Property), Settling Defendants shall be in violation of this Consent Decree and shall pay, as a stipulated penalty, in addition to the Interest required by Paragraph 19, as follows:

$400 per day for each violation on days 1 - 10
$800 per day for each violation on days 11-30; and
$1600 per day for each violation on days 31 and beyond.

c.      If Settling Defendants fail to comply with one or more obligations under Section XIV (Access and Institutional Controls), Settling Defendants shall be in violation of this Consent Decree and shall pay, as a stipulated penalty, in addition to the Interest required by Paragraph 19, as follows:

$600 per day for each violation on days 1 - 10
$1200 per day for each violation on days 11-30; and
$1800 per day for each violation on days 31 and beyond.

d.      Stipulated penalties are due and payable within 30 days after the date of the demand for payment of the penalties by EPA.  All payments to EPA under this Paragraph 20 shall be identified as "stipulated penalties" and shall be made by Fedwire Electronic Funds Transfer to:

Federal Reserve Bank of New York
ABA = 021030004
Account = 68010727
SWIFT address = FRNYUS33
33 Liberty Street
New York NY 10045
Field Tag 4200 of the Fedwire message should read "D 68010727 Environmental Protection Agency"

and shall reference the CDCS Number, Site/Spill ID Number 053G, and DOJ Case Number 90-11-3-10315.

e.      At the time of payment, Settling Defendants shall send notice that payment has been made to EPA and DOJ in accordance with Section XVI (Notices and Submissions), and to the EPA Cincinnati Finance Office by email at acctsreceivable.cinwd@epa.gov, or by mail to:

EPA Cincinnati Finance Office
26 Martin Luther King Drive
Cincinnati, Ohio 45268

Such notice shall reference the CDCS Number, Site/Spill ID Number 053G, and DOJ Case Number 90-11-3-10315.

7

     f.     Penalties shall accrue as provided in this Paragraph 20 regardless of whether EPA has notified Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

21.     If the United States brings an action to enforce this Consent Decree, Settling Defendants shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

22.     Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

23.     Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendants from payment as required by Section VI or from performance of any other requirements of this Consent Decree.

## IX. COVENANTS NOT TO SUE BY PLAINTIFF

24.     Except as specifically provided in Section X (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendants pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), regarding the Site. With respect to present and future liability, these covenants shall take effect upon receipt by EPA of all amounts required by Paragraph 12 (Payment of Response Costs) and any Interest or stipulated penalties due thereon under Section VIII (Failure to Comply with Consent Decree). These covenants not to sue are also conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree. These covenants not to sue are also conditioned upon the veracity and completeness of the Financial Information provided to EPA by Settling Defendants and the financial certification made by Settling Defendants in Section XV (Certification). If the Financial Information provided by Settling Defendants, or the financial certification made by Settling Defendant in Section XV, is subsequently determined by EPA to be false or, in any material respect, inaccurate, Settling Defendants shall forfeit all payments made pursuant to this Consent Decree and these covenants not to sue and the contribution protection in Paragraph 32 shall be null and void. Settling Defendants may seek the Court's review of any such EPA determination. Forfeiture under this Paragraph 25 shall not constitute liquidated damages and shall not in any way foreclose the United States' right to pursue recovery of response costs beyond those recovered under Paragraph 12 (Payment of Response Costs), nor shall forfeiture under Paragraph 25 in any way foreclose the United States' right to pursue any other causes of action arising from Settling Defendants' false or materially inaccurate information. These covenants not to sue extend only to Settling Defendants and do not extend to any other person.

8

## X.  RESERVATION OF RIGHTS BY UNITED STATES

25.     The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all matters not expressly included within the Covenants Not to Sue by Plaintiff in Paragraph 24.  Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendants with respect to:

a.     liability for failure of Settling Defendants to meet a requirement of this Consent Decree;

b.     criminal liability;

c.     liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

d.     liability based on the ownership or operation of any portion of the Site other than the Rental Property by Settling Defendants to the extent that such ownership or operation commences after signature of this Consent Decree by Settling Defendants;

e.     liability based on Settling Defendants' transportation, treatment, storage, or disposal, or arrangement for transportation, treatment, storage, or disposal of a hazardous substance or a solid waste at or in connection with the Site, after signature of this Consent Decree by Settling Defendants;

f.     liability arising from any future disposal of a hazardous substance, pollutant, or contaminant at the Rental Property; and

g.     liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

26.     Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to reinstitute or reopen this action, or to commence a new action seeking relief other than as provided in this Consent Decree, if the Financial Information provided by Settling Defendants, or the financial certification made by Settling Defendant in Section XV, is false or, in any material respect, inaccurate.

## XI.  COVENANTS NOT TO SUE BY SETTLING DEFENDANTS

27.     Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Site and this Consent Decree, including but not limited to:

9

a.     any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.     any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the Michigan Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

c.     any claim pursuant to Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law, relating to the Site.

28.     Except as provided in Paragraph 30 (claims against other PRPs) and Paragraph 34 (Res Judicata and other Defenses), these covenants not to sue shall not apply in the event the United States brings a cause of action or issues an order pursuant to any of the reservations set forth in Section X (Reservations of Rights by United States), other than in Paragraph 25.a (liability for failure to meet a requirement of the Consent Decree) or 26.b (criminal liability), but only to the extent that Settling Defendant's claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

29.     Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

30.     Settling Defendants agree not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that it may have for response costs relating to the Site against any other person who is a potentially responsible party under CERCLA at the Site.  This waiver shall not apply with respect to any defense, claim, or cause of action that Settling Defendants may have against any person if such person asserts a claim or cause of action relating to the Site against Settling Defendants.

## XII. EFFECT OF SETTLEMENT/CONTRIBUTION

31.     Except as provided in Paragraph 30 (claims against other PRPs), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.  Except as provided in Paragraph 30 (claims against other PRPs), each of the Parties expressly reserves any and all rights (including, but not limited to, under Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action which it may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.  Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

32.     The Parties agree, and by entering this Consent Decree this Court finds, that this settlement constitutes a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that Settling Defendants are entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person, except for the State; provided, however, that if the United States exercises rights under the reservations in Section X (Reservation of Rights by United States), other than in Paragraphs 25.a (liability for failure to meet a requirement of Consent Decree) or 25.b (criminal liability), the "matters addressed" in this Consent Decree will no longer include those response costs or response actions that are within the scope of the exercised reservation.

33.     Settling Defendants shall, with respect to any suit or claim brought by the Estate or the Estate Representative for matters related to this Consent Decree, notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim.  Settling Defendants also shall, with respect to any suit or claim brought against them for matters related to this Consent Decree, notify EPA and DOJ in writing within ten days after service of the complaint or claim upon it.  In addition, Settling Defendants shall notify EPA and DOJ within ten days after service or receipt of any Motion for Summary Judgment, and within ten days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

34.     In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section IX.

XIII.    NOTICE TO SUCCESSORS-IN-TITLE AND TRANSFERS OF REAL PROPERTY

35.     Settling Defendants shall, at least 60 days prior to any Transfer of the Rental Property or any portion thereof, give written notice: (a) to the transferee regarding the Consent Decree and any Institutional Controls regarding the Rental Property; and (b) to EPA regarding the proposed Transfer, including the name and address of the transferee and the date on which the transferee was notified of the Consent Decree and any Institutional Controls.

XIV.  ACCESS AND INSTITUTIONAL CONTROLS

36.     With respect to the Rental Property, Settling Defendants shall, commencing on the Effective Date and continuing until such time that the Rental Property is sold to a third party pursuant to an arms-length negotiation, provide the United States and potentially responsible parties who have entered or may enter into an agreement with the United States for performance of response action at the Site (hereinafter "Performing Parties"), and their representatives, contractors,

and subcontractors, with access at all reasonable times to the Rental Property to conduct any activity relating to response action at the Site, including, but not limited to, the following activities:

      a.      Monitoring, investigation, removal, remedial, or other activities at the Site;

      b.      Verifying any data or information submitted to the United States;

      c.      Conducting investigations regarding contamination at or near the Site;

      d.      Obtaining samples;

      e.      Assessing the need for, planning, or implementing response actions at or near the Site;

      f.      Determining whether the Site or other real property is being used in a manner that is prohibited or restricted, or that may need to be prohibited or restricted under the Consent Decree; and

      g.      Implementing, monitoring, maintaining, reporting on, and enforcing any Institutional Controls;

37.      Commencing on the date of lodging of the Consent Decree and continuing until such time that the Rental Property is sold to a third party pursuant to an arms-length negotiation, Settling Defendants shall not use (and shall prevent any other person, including renters, from using) the Rental Property in any manner that EPA determines will pose an unacceptable risk to human health or to the environment due to exposure to Waste Material or interfere with or adversely affect the implementation, integrity, or protectiveness of the removal or remedial measures to be performed at the Site.

38.      If EPA determines that Institutional Controls in the form of state or local laws, regulations, ordinances, zoning restrictions, or other governmental controls are needed at or in connection with the Site, Settling Defendants shall cooperate with EPA's efforts to secure and ensure compliance with such governmental controls.

39.      Notwithstanding any provision of this Consent Decree, the United States retains all of its access authorities and rights, as well as all of its rights to require Institutional Controls, including enforcement authorities related thereto, under CERCLA, RCRA, and any other applicable statute or regulations.

## XV.   CERTIFICATION

40.      Settling Defendants certify that, to the best of their knowledge and belief, after thorough inquiry, they have:

a.      not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information (other than identical copies) relating to their potential liability, or the liability of F. Paul Meeuwenberg, regarding the Site since the notification of potential liability by the United States, and that they have fully complied with any and all EPA requests for information regarding the Site and Settling Defendants' financial circumstances pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e); and

b.      submitted to EPA Financial Information that fairly, accurately, and materially sets forth the financial circumstances of the Estate, and that those circumstances have not materially changed between the time the financial information was submitted to EPA and the time Settling Defendants execute this Consent Decree.

## XVI.  NOTICES AND SUBMISSIONS

41.     Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing.  Written notice as specified in this Section shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to EPA, DOJ, the State, and Settling Defendant, respectively.

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
Re: DJ # 90-11-3-10315

As to EPA:

Terry Branigan
Associate Regional Counsel
77 West Jackson Blvd.
Mail Code C-14J
Chicago, IL 60604

Linda Martin
Remedial Project Manager
77  West Jackson Blvd.
Mail Code SR-6J
Chicago, IL  60604

As to Setting Defendants:

Joseph E. Quandt
Zimmerman, Kuhn, Darling, Boyd and Quandt, PLC
412 S. Union Street
P.O. Box 987
Traverse City, Michigan 49865

Richard A. Meeuwenberg, in his capacity as Estate Representative
5098 Lake Shore Boulevard
Newaygo, MI 49337
231-652-7680
rmberg@Charter.net

## XVII. RETENTION OF JURISDICTION

42.     This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XVIII. INTEGRATION/APPENDICES

43.     This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding between the Parties with respect to the settlement embodied in this Consent Decree.  The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.  The following appendices are attached to and incorporated into this Consent Decree: "Appendix A" is the map of the Site, and "Appendix B" is a list of the financial documents submitted to EPA by Settling Defendant.

## XIX. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

44.     This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate.  Settling Defendants consent to the entry of this Consent Decree without further notice.

45.     If for any reason this Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the sole discretion of any Party and the terms of the Consent Decree may not be used as evidence in any litigation between the Parties.

14

## XX. SIGNATORIES/SERVICE

46.     Each undersigned representative of Settling Defendants and the Deputy Chief, Environmental Enforcement Section, United States Department of Justice, certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

47.     Settling Defendants agree not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

48.     Settling Defendants shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on its behalf with respect to all matters arising under or relating to this Consent Decree.  Settling Defendants agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.  The Parties agree that Settling Defendants need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XXI. FINAL JUDGMENT

49.     Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and Settling Defendants.  The Court enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 6th DAY OF October, 2014.


/s/ Paul L. Maloney
_____
United States District Judge

15

Signature Page for Consent Decree Regarding the Grand Traverse Overall Supply Superfund Site

**FOR THE UNITED STATES OF AMERICA**:

Date: 8/25/14

Sam Hirsch
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611

Joseph W.C. Warren
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611

Patrick A Miles, Jr.
United States Attorney
Western District of Michigan

Ryan Cobb
Chief of the Civil Division
Assistant United States Attorney
Western District of Michigan
330 Ionia Avenue, N.W.
Suite 501
Grand Rapids, MI 49503

Signature Page for Consent Decree Regarding the Grand Traverse Overall Supply Superfund Site

_Richard C. Karl_ 7-29-14

Richard C. Karl, Director
Superfund Division
U.S. Environmental Protection Agency
Region 5
77 West Jackson Blvd.
Chicago, IL 60604-3507

_Terrence Branigan_ 7-22-2014

Terrence Branigan
Associate Regional Counsel
U.S. Environmental Protection Agency
Region 5
77 West Jackson Blvd.
Chicago, IL 60604-3507

17

Signature Page for Consent Decree Regarding the Grand Traverse Overall Supply Superfund Site

**FOR THE ESTATE OF F. PAUL MEEUWENBERG,
and RICHARD A. MEEUWENBERG, in his capacity as
ESTATE REPRESENTATIVE**

4/4/2014
Date

Name (print):   Richard A. Meeuwenberg
Title:              Estate Representative
                    Estate of F. Paul Meeuwenberg
Address:

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print):
Title:
Address:
Phone:
email:

18

# APPENDIX A



# APPENDIX B

## **Financial Information**

1.      Response of F. Paul Meeuwenberg to the United States Environmental Protection Agency's March 16, 2011 Request for Information Pursuant to Section 104(e) of CERCLA Regarding Grand Traverse Overall Supply Co. Site, Greilickville, including the following:

      a.      May 5, 2011 Letter of John O. Zachman, M.D.;

      b.      February 4, 2009 General Durable Power of Attorney of F. Paul Meeuwenberg;

      c.      May 5, 2011 Responses to "Questions Concerning Your Ability to Pay" as completed by Richard A. Meeuwenberg on behalf of F. Paul Meeuwenberg, and

      d.      Federal Income Tax Returns for F. Paul Meeuwenberg for 2008, 2009, and 2010.

2.      Letter from Joseph E. Quandt, dated September 7, 2012, to Joseph Warren and Terrence Branigan, providing a copy of the federal and state tax returns for F. Paul Meeuwenberg for 2011.

3.      Letter from Joseph E. Quandt, dated May 31, 2013, to Joseph Warren, regarding assets of the Estate of F. Paul Meeuwenberg and forwarding a copy of letter from Kurt M. Bowden, dated May 10, 2013, to Joseph E. Quandt.

4.      Letter from Joseph E. Quandt, dated June 26, 2013, to Joseph Warren, providing an updated valuation of the F. Paul Meeuwenberg Trust.

5.      Letter and Email from Joseph E. Quandt, dated August 29, 2013, to Joseph Warren, forwarding draft letter from Richard A. Meeuwenberg, dated August 16, 2013, providing updated valuation of liquid assets in the Estate of F. Paul Meeuwenberg.

6.      Letter from Joseph E. Quandt, dated December 27, 2013, to Joseph Warren, providing description of the assets, liabilities, and expenses for the Estate of F. Paul Meeuwenberg.